IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

GREG ALAN CANNON                                                                          PLAINTIFF

v.                                        CIVIL NO. 09-6041

MICHAEL J. ASTRUE, Commissioner
Social Security Administration                                                           DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Greg Alan Cannon, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his claims for a period of disability and disability insurance benefits (DIB) and supplemental security income (SSI) benefits under the provisions of Titles II and XVI of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

I.     **Procedural Background:**

Plaintiff protectively filed his applications for DIB and SSI on December 20, 2006, alleging an inability to work since December 1, 2005, due to neck, back and knee pain; depression; and anxiety. (Tr. 129). For DIB purposes, Plaintiff maintained insured status through September 30, 2008. (Tr. 16, 129). An administrative hearing was held on December 18, 2008, at which Plaintiff appeared with counsel and testified. (Tr. 386-413).

By written decision dated February 19, 2009, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe. (Tr. 24).

However, after reviewing all of the evidence presented, he determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 24). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> perform work-related activities except for lifting and carrying more than 20 pounds occasionally; 10 pounds frequently; standing/walking for no more than 6 hours out of an 8-hour workday; and sitting with normal breaks for no more than 6 hours out of an 8-hour workday...He has no limitations in pushing, pulling, or in the operation of hand/foot controls; but can only occasionally stoop, crouch, crawl, and climb. He is capable of a wide range of light work activity.

(Tr. 24). With the help of a vocational expert, the ALJ determined Plaintiff could perform his past relevant work as an in-home salesman and a waiter. (Tr. 24).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which after reviewing the additional medical evidence, denied that request on April 23, 2009. (Tr. 6-9). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 4). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 6-7).

**II.    Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the

Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. McNamara v. Astrue, 590 F.3d 607, 610 (8th Cir. 2010).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F.3d 1211, 1217 (8th Cir.2001); see also 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A Plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his age, education, and experience. See 20 C.F.R. §§ 404.1520, 416.920. Only

if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of his residual functional capacity. See McCoy v. Schweiker, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. §§ 404.1520, 416.920.

### III.   Discussion:

When the Appeals Council has considered material new evidence and nonetheless declined review, the ALJ's decision becomes the final action of the Commissioner. We then have no jurisdiction to review the Appeals Council's action because it is a nonfinal agency action. See Browning v. Sullivan, 958 F.2d 817, 822 (8th Cir.1992). At this point, our task is only to decide whether the ALJ's decision is supported by substantial evidence in the record as a whole, including the new evidence made part of the record by the Appeals Council that was not before the ALJ. As the United States Court of Appeals for the Eighth Circuit has noted, "this [is] a peculiar task for a reviewing court." Riley v. Shalala, 18 F.3d 619, 622 (8th Cir.1994). However, once it is clear that the Appeals Council considered the new evidence, then we must factor in the evidence and determine whether the ALJ's decision is still supported by substantial evidence. This requires us to speculate on how the ALJ would have weighed the newly submitted evidence had it been available at the initial hearing. Flynn v. Chater, 107 F.3d 617, 621 (8th Cir.1997). Thus, we have endeavored to perform this function with respect to the newly submitted evidence.

The new evidence submitted to the Appeals Council reflects the following. A letter, with Dr. Michael W. Verser's letterhead, dated February 25, 2009, written by Patrick Litster, PA-C, MPAS, indicates Plaintiff had been a patient at the Mount Ida Clinic since August 20, 2008, for treatment of chronic back pain. (Tr. 385). Mr. Litster stated since Plaintiff had been seen at the clinic, Plaintiff "had a decline in his function to perform activities of daily living and an inability

to complete a daily work day without an increase in his pain." Mr. Litster indicated Plaintiff had the following medical conditions:

> C5-C6 central disc bulging as demonstrated by MRI on 04/14/2008, Radiculapathy down arms related to above. Degenerative joint disease in both knees, and degenerative disc disease in the lumbar and thoracic spine leading to intractable back pain as well as generalized anxiety.

(Tr. 276, 378-383, 385). As a result of Plaintiff's impairments, Mr. Litster indicated Plaintiff was unable to either sit or stand for any extended period of time as this causes pain. Mr. Litster believed Plaintiff unable to maintain gainful employment due to chronic narcotic use to control pain; and a progression of pain such that he would have days that he could do little and days where he would not be able to do anything as a result of his pain.

In the present case, the ALJ determined Plaintiff maintained the RFC to perform a wide range of light work. (Tr. 24). In support of this RFC determination, the ALJ stated that even Plaintiff's treating chiropractor, Dr. Eric E. Carson, opined Plaintiff was able to do light work. (Tr. 18). A review of Dr. Carson's June 13, 2008, assessment reveals Dr. Carson opined Plaintiff could in fact lift/carry twenty pounds occasionally, ten pounds frequently. (Tr. 283). However, Dr. Carson also opined Plaintiff had limitations not addressed by the ALJ. Specifically, Dr. Carson opined Plaintiff could sit, stand and drive for three to four hours, respectively; could walk, lift, carry and bend/squat/kneel for zero to two hours, respectively; and could handle objects and travel for five to six hours, respectively. (Tr. 283).

Light work requires the ability to sit, stand and walk six hours each in an eight-hour work day. 20 C.F.R. §§ 404.1567(b), 416.967(b). It is particularly troubling to the undersigned that the ALJ credited the portion of Dr. Carson's opinion regarding Plaintiff's ability to lift/carry but

AO72A
(Rev. 8/82)

failed to address the portion of Dr. Carson's opinion regarding Plaintiff's ability to sit, stand and walk. The additional medical evidence submitted to the Appeals Council, from Plaintiff's treating physician's clinic, opining Plaintiff had limitations with sitting, standing and walking further support Dr. Carson's opinion that Plaintiff could not perform the sitting, walking and standing requirements for light work. Had the ALJ had this medical evidence before him when making his decision on this case, the outcome may very well have been different. Accordingly, we believe that remand is necessary to allow the ALJ to consider this new and material evidence. We further recommend the ALJ obtain a RFC assessment from a treating or examining physician.

The ALJ should then re-evaluate Plaintiff's RFC and specifically list in the hypothetical to the vocational expert any limitations that are indicated in the RFC assessments and supported by the evidence.

### IV.  Conclusion:

Accordingly, we conclude that the ALJ's decision is not supported by substantial evidence, and therefore, the denial of benefits to the Plaintiff, should be reversed and this matter should be remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

DATED this 13th day of May 2010.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE