IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

GREG ALAN CANNON                                                                                    PLAINTIFF

v.                                           CIVIL NO. 09-6041

MICHAEL J. ASTRUE, Commissioner
Social Security Administration                                                                      DEFENDANT

### **O R D E R**

Plaintiff, Greg Alan Cannon, appealed the Commissioner's denial of benefits to this Court. On May 13, 2010, judgment was entered remanding Plaintiff's case to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g). (Doc. 9). Plaintiff now moves for an award of $2,351.25 in attorney's fees and costs under 28 U.S.C. § 2412, the Equal Access to Justice Act (hereinafter "EAJA"), requesting compensation for 14.25 attorney hours of work before the court at an hourly rate of $165.00. (Docs. 10-12). The Defendant has filed a response, expressing no objection to the award. (Doc. 13).

Pursuant to 28 U.S.C. § 2412(d)(1)(A), the Court must award attorney's fees to a prevailing social security claimant unless the Commissioner's position in denying benefits was substantially justified. The burden is on the Commissioner to show substantial justification for the government's denial of benefits. Jackson v. Bowen, 807 F.2d 127, 128 (8th Cir. 1986). Under Shalala v. Schaefer, 509 U.S. 292, 302 (1993), a social security claimant who obtains a sentence-four judgment reversing the Commissioner's denial of benefits and remanding the case for further proceedings is a prevailing party.

In determining a reasonable attorney's fee, the Court will in each case consider the following factors: time and labor required; the difficulty of questions involved; the skill required to handle the problems presented; the attorney's experience, ability, and reputation; the benefits resulting to the client from the services; the customary fee for similar services; the contingency or certainty of compensation; the results obtained; and the amount involved. Hensley v. Eckerhart, 461 U.S. 424, 430 (1983).

However, the EAJA is not designed to reimburse without limit. Pierce v. Underwood, 487 U.S. 552, 573 (1988). The district court is "in the best position to evaluate counsel's services and fee request, particularly when the court has had the opportunity to observe firsthand counsel's representation on the substantive aspects of the disability claim." Hickey v. Secretary of HHS, 923 F.2d 585, 586 (8th Cir.1991), quoting Cotter v. Bowen, 879 F.2d 359, 361 (8th Cir.1989). The Court can determine the reasonableness and accuracy of a fee request, even in the absence of an objection by the Commissioner. See Decker v. Sullivan, 976 F.2d 456, 459 (8th Cir.1992) ("Although the issue was not raised on appeal, fairness to the parties requires an accurately calculated attorney's fee award.").

The EAJA further requires an attorney seeking fees to submit "an itemized statement...stating the actual time expended and the rate at which fees and other expenses were computed." 28 U.S.C. § 2412(d)(1)(B). Attorneys seeking fees under federal fee-shifting statutes such as the EAJA are required to present fee applications with "contemporaneous time records of hours worked and rates claimed, plus a detailed description of the subject matter of the work." Id. Where documentation is inadequate, the Court may reduce the award accordingly. Hensley, 461 U.S. at 433.

Plaintiff's counsel requests an award under the EAJA at an hourly rate of $165.00 based on an increase in the cost of living. Attorney's fees may not be awarded in excess of $125.00 per hour - the maximum statutory rate under § 2412(d)(2)(A) - unless the Court finds that an increase in the cost of living or a special factor such as the limited availability of qualified attorneys justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A). The decision to increase the hourly rate is not automatic and remains at the discretion of the district court. McNulty v. Sullivan, 886 F.2d 1074 (8th Cir. 1989). In Johnson v. Sullivan, 919 F.2d 503 (8th Cir. 1990), the Court stated that the hourly rate may be increased when there is "uncontested proof of an increase in the cost of living sufficient to justify hourly attorney's fees of more than [the maximum statutory hourly rate]," such as a copy of the Consumer Price Index (CPI). Plaintiff's counsel has attached a summary of the CPI as an exhibit (Docs. 11-12) and has presented evidence of an increase in the cost of living. The Court finds an hourly rate of $165.00, reflecting an increase in the cost of living, is appropriate.

We next address the number of hours Plaintiff's counsel claims he spent working on this case. Plaintiff's counsel seeks 0.25 hour on July 20, 2009 (receipt/review of letter and consent from courtroom deputy clerk); and 0.25 hour on June 19, 2010, to review the two paragraph Order remanding Plaintiff's case. This Court concludes that the time submitted on the above referenced dates should not have taken an attorney experienced in handling social security cases more than five or six minutes to review these documents. Bowman v. Secretary of H.H.S., 744 F.Supp 898 (E.D.Ark. 1989). Accordingly, 0.30 hour must be deducted from the total compensable time sought by counsel.

Accordingly, we find Plaintiff is entitled to an attorney's fee award under the EAJA for: 13.95 (14.25-0.30) attorney hours at the rate of $165.00 per hour, for a total attorney's fee award of $2,301.75. This amount should be paid in addition to, and not out of, any past due benefits which Plaintiff may be awarded in the future.

The parties are reminded that the award herein under the EAJA will be taken into account at such time as a reasonable fee is determined pursuant to 42 U.S.C. § 406, in order to prevent double recovery by counsel for the Plaintiff.

IT IS SO ORDERED this 16th day of August 2010.

/s/ *Erin L. Setser*
   HON. ERIN L. SETSER
   UNITED STATES MAGISTRATE JUDGE